## B. COOKINGHAM v. PETER DUSA.

1. SALE—*Rescission.* The purchaser of a farming implement, such as a header, cannot retain and use the machine and at the same time say he repudiates and rescinds the contract of purchase. (*Weybrich v. Harris*, 31 Kas. 92.)

2. ———— *Return of Property; Reasonable Time.* Where the purchaser of a farming implement is entitled to rescind the contract, and for that purpose may return the article, he must return or offer to return within a reasonable time.

3. REASONABLE TIME— *Question for Jury—for Court.* What is a reasonable time within which the purchaser should offer to return a farming implement, such as a header, if it does not correspond with the terms of the warranty, is usually a question for the jury; but when the purchaser, after using it and discovering its defects, demands of the vendor that he at once repair the same, and such vendor promises to do so immediately, but fails and refuses to. give any further attention to the 'matter, and after such failure and refusal the purchaser continues to retain and use the header during the harvest season, and also continues to retain the same for two or more months thereafter, the return or offer to return after that time comes too late, and the court may say as a matter of law that the offer to return after so much inexcusable delay was not made within a reasonable time.

*Error from McPherson District Court.*

THE opinion states the case.

*E. M. Clark,* for plaintiff in error.

*Webster & Dean,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On June 25, 1883, Peter Dusa purchased of M. K. Lewis & Son, through their agent, B. Cookingham, a

"Lewis header," and in payment executed his two promissory notes for $125 each, and paid $15 freight on the machine. One of the notes was transferred and assigned to the agent, Cookingham, who, on August 12, 1884, commenced his action against Dusa to recover the amount thereof. In his answer the defendant admitted the execution of the note, but alleged as a defense that there was a warranty given at the time of his purchase of the machine; that there was a breach of the warranty; that he tendered back the machine, and rescinded the contract of purchase. At the October term, 1885, the action was tried before a jury, which returned a verdict for the defendant for $17.50, being the money expended for freight, with interest. Of this judgment the plaintiff complains.

It is contended that the defendant utterly failed to prove a rescission of the contract. It is a general proposition, that on a sale of a personal chattel with a warranty, in case the chattel turns out to be not of the kind or quality represented, the purchaser may have one of the two remedies. He may rescind the contract and return the property. The effect of such action is to place the parties in the same condition in which they were before the purchase; and whatever has been paid or delivered by either is to be returned, and it or its value may be recovered in an action therefor. This is one remedy. The other is, that the purchaser may affirm the contract, retain the property, and recover damages from the vendor for the breach of his warranty. (*Weybrich v. Harris*, 31 Kas. 92.)

2. Return of property; reasonable time.

In order, however, that the purchaser be entitled to rescind the contract, he must return the property or offer to return it within a reasonable time. He cannot retain and use the property, and at the same time

1. Sale—rescission.

say he repudiates and rescinds the contract of purchase. In the case at bar, the defendant obtained the machine on June 25, 1883; he used it during the harvest of that year, cutting over 180 acres of grain, and sometime in the fall of 1883 took George Walker with him and went to the plaintiff, who as agent had sold him the machine, and "asked him what he wanted him to do with the machine."

Plaintiff answered "that he had nothing to do with the machine; that he wanted the money for it, but not the machine." Defendant testified "that he did not do anything more with it, but left it where it stood in [his own] yard, and that it stands there yet." Upon the part of the defendant, it is claimed that he was induced to postpone the rescinding of the contract by the repeated promises of the plaintiff to make the warranty good, and therefore was excusable for his delay in returning or offering to return. The testimony shows that the machine was deficient in elevating; that it did not cut a clean or an even swath, but scattered the grain more or less on the ground. The defendant ascertained in a few days after his purchase that the machine did not correspond with the terms of the warranty, and went to the plaintiff and told him "the machine did not work at all in any shape; that he could not hold the hind end down, and that there was something wrong with it somewhere." Plaintiff told him "he would get a team and send a man down right away." On the return of the defendant to his home, he found the brother of the plaintiff in the field, who took the machine apart and changed the beams, and then put the machine together again. This, however, did not put the machine in good order. A few days afterward the defendant again went to the plaintiff, and told him "he could not use the machine in any way, shape or form." The plaintiff said to him "to do the best he could with the machine, and that he would send a man immediately, or dispatch to the agent to come, to put the machine in order." After that the plaintiff paid no further attention to the machine, and did not send anyone to repair or look after it. The defendant, with full knowledge of its defects, continued to retain and use the machine, and did not return or offer to return it until the fall of 1883 — the exact date of his offer to return he could not remember. It does not appear from the evidence that the offer to return was made before the note sued on became due, and when the defendant made his offer to return, he did not demand his notes, or either of them. During the winter of 1883–4 the plaintiff requested the payment of the note as often as twice a

week.   In the spring, the defendant said to the agent of the plaintiff, when he was asked if he would not pay for the machine, that "whenever the machine was made good, the money was good."

The question of fact as to what is a reasonable time within which to return or make the offer, is for the jury where there is sufficient evidence for them to consider, or upon which, under the circumstances, a verdict may be sustained that the time was reasonable; yet it is clear that it must, after some lapse of time and under some circumstances, become a question of law for the court.   It was said in *Boothby v. Scales*, 27 Wis. 626:

"No jury has the power arbitrarily to say that six months or six years is a reasonable time in which to test a fanning-mill, when everybody knows that a single day, or at most two or three days, with all the conveniences at hand, is amply sufficient for that purpose.   The very meaning of the rule is, that the purchaser shall have fair and sufficient time and opportunity, all the circumstances considered, including his own, to test and examine the property and ascertain whether it corresponds with the warranty or not; and if not, immediately to return or offer to return it to the seller, and claim a rescission of the contract.   It is inconsistent with the nature of the right or privilege thus given the purchaser, that there should be any unnecessary delay in the exercise of it.   The seller in the meantime is deprived of the use of his property, and perhaps of the opportunity for re-sale.   He is liable to refund the purchase-money with interest from the time of sale; or, if it has not been paid, he loses the interest on it.   These considerations are sufficient to require promptness, and forbid needless delay on the part of the purchaser.   If it appears that he had ample time and opportunity to test and examine the article, and ascertain its quality or capacity with reference to the warranty, and might have conveniently done so, but neglected to do it, such neglect should be regarded as a waiver of the right to rescind, and as an election on his part to retain the property, subject to such claim for damage as he might subsequently establish."

(See also *Morgan v. McKee*, 77 Pa. St. 228; *Weybrich v. Harris*, supra; *Kingsley v. Wallis*, 14 Me. 57; *Holbrook v. Burke*, 39 Mass. 546.)

In this case the facts of return or offer to return are not in dispute. When complaint was last made to the plaintiff of the machine during the harvest of 1883, he did not, as he promised, send out a man immediately to repair or put the machine in order, nor did he send anyone within a few days, or within a reasonable time; in fact he sent no person at all to look after or repair the machine after that complaint was made; yet the defendant retained and worked the machine the balance of the harvest, and then retained the machine during the months of August and September, and later, and made no offer to return it until after the payment of the note had been demanded. The offer to return was not made within a reasonable time, and the delay, therefore, was inexcusable; and upon the facts in this case, the trial court should have said, as a matter of law, that the offer to return came too late, and that there was not sufficient evidence of it to be considered by the jury. Therefore the court erred in overruling the demurrer to the testimony offered by the defendant, and also erred in instructing the jury to find from the evidence "whether the defendant rescinded the contract and returned the machine, or offered to return it in a reasonable time after discovering its defects." Although the defendant has not rescinded the contract by returning or offering to return the machine purchased within a reasonable time under the circumstances of this case, he may, upon proper amendment of his answer, recover damages for the breach of the warranty, if any be established upon another trial.

3. Reasonable time—question for jury—for court.

The judgment of the district court will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.