## AULTMAN, MILLER & COMPANY v. L. W. MICKEY.

1. HARVESTER—*Sale—Rescission of Contract.* Where a harvester is sold with warranty, if it is not as warranted the purchaser may return it, and rescind the contract of purchase; but if the purchaser retains the machine, he is bound not only to account for its value for the purpose for which it was designed, constructed, or sold, but for its value either to the purchaser or the seller for any purpose.

2. VERDICT—*Inconsistent Special Findings.* Where special questions are submitted to and answered by a jury, and the answers thereto are inconsistent and irreconcilable with each other, such answers cannot be allowed to stand and uphold a verdict and judgment apparently against the facts as shown by the record.

*Error from Rooks District Court.*

ACTION brought by *Aultman, Miller & Co.*, against *L. W. Mickey,* on a promissory note for $75. In 1884 the defendant purchased of the plaintiffs a Buckeye low-down self-binder, agreeing to pay therefor $225, and executed three notes of $75 each, payable in January, 1885, 1886, and 1887, respectively. The first note was paid when due. This suit was brought on the second note after refusal of payment. Judgment in justice's court in favor of the defendant; plaintiffs appealed. Trial in the district court at the December term, 1886, and verdict and judgment for the defendant. Of this judgment plaintiffs complain.

*C. W. Smith,* for plaintiffs in error.

*M. C. Reville,* for defendant in error.

Opinion by CLOGSTON, C.: This was an action brought upon a note given as a part payment of the purchase-price of a harvester sold by the plaintiffs to the defendant. The record shows that it was sold on a verbal warranty, by the terms of which it was warranted to be of good material and to do good work. No provision was made for notice in case of defect, or for its return provided it failed to give satisfaction. In the absence of such requirements it was the duty of the purchaser to give the harvester a fair and reasonable trial; and then, if not satisfied, to return it and rescind the contract. This must be done within a reasonable time. (*Weybrich v. Harris*, 31 Kas. 92; *Cookingham v. Dusa*, ante, p. 229.) The record shows that he was not satisfied with the machine, and in fact that the machine was largely defective; but notwithstanding this, defendant retained and used it during the summer of 1884 and part of the season of 1885 — the first season cutting some ninety or one hundred acres, and the second season about fifty acres of grain; and where these facts are shown it seems to us that the claim made by the defendant that the machine was worthless for the purpose for which it was designed, comes with bad grace at this late date. The law as we understand it is, that where a machine of this kind is retained by the purchaser, he is bound to account for its value, if it has any; and not only for its value for the purpose for which it was designed, constructed, or sold, but for its value either to the purchaser or seller for any purpose. (*Warder v. Fisher*, 48 Wis. 338.)

Plaintiffs offered to show, and the court refused to receive the evidence, that this machine contained certain iron, steel and wood, and that this iron, steel and wood were of value. The court seemed to go upon the presumption that the plaintiffs could only show what it was worth as a harvesting machine, and not for other purposes. This, as we said before, is not the law. The plaintiffs had a right to show what this machine was worth to the purchaser or to themselves for any

purpose, and if it had any value, the purchaser retaining it must account for that value.

The jury answered special questions submitted to them. The 12th, 14th and 15th questions and answers are as follows:

"12. How long has defendant used said machine since its purchase? A. The most of the season of 1884, and part of the season of 1885."

"14. What benefit if any has defendant received from the use of said machine? A. No benefit.

"15. If any, what was its value? A. No value."

These answers are inconsistent with each other, and cannot be true. If the harvester was used by the defendant during the greater part of two seasons for the purpose for which it was purchased, it then surely was of some use to him, and if of some use to him, then of some value. Such conflicting answers cannot be allowed to stand and to uphold a judgment apparently against the facts and circumstances as shown by the record.

It is therefore recommended that the judgment of the court below be reversed, and the case remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.