## SALLIE M. ALLEN vs. GEORGE L. VAN BIBBER AND STEVENSON A. WILLIAMS, Trustees, &c.

*Adverse Possession—Color of Title—Vendor and Purchaser.*

A purchaser of land to whom a bond of conveyance by the vendor had been given, entered into possession, but no deed of conveyance was ever executed to him.   Subsequently, he conveyed the property in fee and other similar deeds in fee were made.   The possession of the grantees under these successive deeds was continuous and by enclosure for more than forty years.   *Held*, that the possession of the grantees was under color of title and now constitutes a valid title by adverse possession and that a purchaser of the property at a trustee's sale is obliged to accept the same.

Appeal from an order of the Circuit Court for Harford County (WATTERS, J.), overruling exceptions to a sale and finally ratifying the same.

The cause was argued before MCSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD and SCHMUCKER, JJ.

*George Y. Maynadier* and *E. M. Allen*, for the appellant, submitted the cause on their brief.

*Stevenson A. Williams* (with whom was *George L. Van Bibber* on the brief ), for the appellee.

FOWLER, J., delivered the opinion of the Court.

By authority of a decree of the Circuit Court for Harford County, George L. Van Bibber and Stevenson A. Williams were directed to sell the real estate of the late Margaret A. Gibson, formerly Margaret A. Herman.   On the 4th day of October, 1897, after having duly advertised the same, they, in pursuance of the authority given by said decree, sold at public auction to Sallie W. Allen a house and lot in the town of Bel Air.   This sale was duly reported.   But the purchaser filed exceptions to its ratification, which exceptions were overruled by the Court below. Hence this appeal.

The exception was based upon an alleged defect in the paper title to the lot in question.

It appears from the agreed statement of facts that Thomas P. Dill, being in possession under a deed conceded to be good and valid, executed a bond of conveyance to John Ward, dated the 11th Sept., 1848, and that thereupon and under said bond, no deed having ever been executed by Dill to him, Ward entered into possession, and so continued until the 13th Oct., 1854, when he conveyed the lot to John Cox in fee-simple. Similar conveyances in fee were made of this lot by Cox to William H. Dallam, by Dallam and wife, to the trustees of the Methodist Episcopal Church, &c., and by the trustees of that church to William Herman, and by him to said Margaret A. Herman. It is also agreed that said Cox, Dallam, the trustees of said church, and William Herman entered into possession upon the dates of the respective deeds to them, and under each respectively, and so continued until the dates of the respective deeds from them, and that the said Margaret A. Herman entered into possession upon the date of the deed from William Herman to her and under the same, and so continued until the date of her death on 13th April, 1889, and that the said lot has remained in possession of her heirs until the date of the sale to the appellant; that the property in question is a town lot improved by a dwelling-house and has been continuously enclosed by a fence since the year 1848; and that since the last named date no claim has been made to said lot under said bond of conveyance adverse to said Ward or those claiming under him.

From this statement it appears that although Ward's paper title was defective, he having never received a deed from Dill, the obligor named in the said bond of conveyance, yet all the subsequent grantors conveyed and all the subsequent grantees took under the said deeds fee-simple titles from 1854, during a period of over forty years, down to the time when the appellant purchased. This being so, it is beyond dispute, under the repeated decisions of this Court, that the title to the lot in question is free from any reasonable objection. Indeed, it is one of the conceded

facts of the case that the appellant alone has ever raised any objection to the title from 1848 to the present time, a period embracing a half century.    In *Lurman et al., Trustees,* v. *Hubner,* 75 Md. 270, there is presented a state of facts substantially like those now before us.    In that case Charles Richardson, in the year 1856, by deed in fee duly recorded conveyed the land there in question to William Leach.    But the grantor's title under his father's will was void.    Yet it was held that his deed gave color of title. " It is very certain," we said in that case, " that Leach claimed title under that deed, and it is sufficiently shown that he took possession under it and that the greater portion of it was fenced and cultivated.    *   *   *    But disregarding everything which occurred previously to this deed, it is impossible that we should fail to see that Leach's deed gave him color of title, *and that his entry under it invested him with adverse possession* of the whole tract." And so here, while it may true that Ward's title under the bond of conveyance, like that of Charles Richardson under his father's will, was bad, yet, when he made a deed in fee in 1854 it gave his grantee color of title, who by his entry under the deed was invested with adverse possession, which possession was continued by the subsequent and consecutive grantees under similar deeds for more than forty years. And to the same effect is *Bay* v. *Posner,* 78 Md. 49 ; *Rieman* v. *Wagner,* 74 Md. 478..    The case of *Dean* v. *Brown,* 23 Md. 15, and the other cases relied on by the appellant to sustain the proposition that possession under the bond of conveyance can never become adverse, has no application to the facts of this case.    The adverse possession here relied on, as we have seen, is derived, not, as in *Dean* v. *Brown,* from possession under the bond of conveyance, but under a succession of deeds *in fee*—which, unlike the bond, not only do not admit an outstanding title, but are absolutely inconsistent therewith.

*Order affirmed and cause remanded* ·
*for further proceedings.*

(Decided June 20th, 1899).