## CHARLES WARD v. DELOS MARVIN.

May Term, 1905.

Present: ROWELL, C. J., MUNSON, START, WATSON, HASELTON, and
POWERS, JJ.

Opinion filed November 2, 1905.

### Sales—Rescission for Fraud—Remedies of Defrauded Buyer —Use of Property After Discovery of Fraud—Effect.

Where a person has been induced to buy goods by the fraudulent mis-
representations of the seller, he is entitled either to sue the seller
for the fraud, or to rescind. the contract, and if he has paid the
purchase price, to recover it under a count for money had and re-
ceived to his use.

But, if he would rescind, he must do so within a reasonable time after
he discovers all the essential elements of the fraud, or that remedy
will be lost to him.

What is this reasonable time, within which he must rescind, depends
upon the circumstances of each particular case. If there is in-
volved only the length of time elapsed, it is a question of law. But
if disputed facts, involving matter of excuse, discovery of the fraud,
and the like are to be passed upon, it is a mixed question of law
and fact, and is for the jury.

In assumpsit to recover the purchase price of a horse which plaintiff
had been induced to buy of defendant by the latter's false and
fraudulent misrepresentations, it appeared that before the at-
tempted rescission of the contract, and after plaintiff fully discov-
ered the fraud practiced upon him, he continued to use the horse.
Held, that plaintiff thereby affirmed the contract, and could not
afterwards rescind it.

GENERAL ASSUMPSIT to recover the purchase price of a
horse. Plea, the general issue. Trial by jury at the March
Term, 1905, Orleans County, Tyler, J., presiding. Verdict
and judgment for the plaintiff. The defendant excepted.

*Cook & Williams* for the defendant.

Any use of the property, after the discovery of the fraud, is a waiver of the right to rescind. *Mayer* v. *Dwinell,* 29 Vt. 298; Benjamin, Sales, § 675; *Cookingham* v. *Dusa,* 41 Kan. 229; 41 Kan. 444; 105 Mass. 551; 83 N. Y. 300; 4 Mass. 502; 42 N. H. 316.

*J. W. Redmond* for the plaintiff.

POWERS, J.   Assumpsit for the recovery of the purchase price of a certain horse which the plaintiff purchased of the defendant on or about the 15th of April, under the latter's false and fraudulent representation that it was a good, moderate worker, practically sound, not more than eight years old, and suitable to work with a Percheron horse which the plaintiff then owned.

Within a day or two after the purchase, the plaintiff discovered that the horse was a "puller" and a "whistler" when used as a driver, but thought that it might act better in that regard when put to work; within a week he found that the horse worked too fast for the Percheron, and that it had various physical defects and vices which seriously impaired its value; but he bought the horse for a work horse, and thinking that it might work down and improve after being used longer with the Percheron, and so made to answer his purpose, the plaintiff continued to use the animal until the 8th day of May, when he became satisfied that it was not such a work horse as it had been represented to be, and wrote the defendant to that effect.   Soon after, the parties had an interview regarding the matter, and the defendant told the plaintiff that if the horse was not as represented he would make it right.   Relying upon this, the plaintiff waited until the

6th day of June, and nothing having been done by the defendant toward making it right, the plaintiff again wrote him, fixing a time within which the matter would have to be adjusted. On the 20th day of June the parties met and the defendant refused to take back the horse and return the purchase price, and a day or two later, the plaintiff formally tendered back the horse and demanded the price. During all this time the plaintiff continued to work and use the horse.

At the close of the plaintiff's evidence the defendant rested and moved for a verdict upon two grounds: 1. That the rescission and tender back of the property were so long after the discovery of the fraud, that as matter of law it was too late. 2. That the plaintiff, after discovering the fraud, made his election to stand upon the contract by continuing to use the horse. The motion was overruled, and the defendant excepted.

1. When a person has been induced to buy goods by the fraudulent misrepresentations of the seller, he is entitled either to sue the seller for the fraud, or he may, on discovering the fraud, rescind the contract, and if he has paid the purchase price, recover it under a count for money had and received to his use, provided he can restore the article purchased in the same state as that in which he received it. But, if he would rescind, he must act promptly or that remedy will be lost to him. The law does not require him to act upon the appearance of the first indication of fraud, but allows him a fair opportunity to ascertain the extent of the false representations and to test the quality of the article fraudulently put upon him. All the law requires is that he shall act within a reasonable time after the discovery of all the essential elements of the fraud. *How* promptly one must act to be within this rule of law depends upon the circumstances of each par-

ticular case, and when there are no facts involved but the simple one of the length of time elapsed, it is a question of law. But when disputed facts, involving questions of excuse, discovery of fraud, and like matters, as in this case, are to be passed upon, the question is a mixed one of law and fact, and is for the jury. This is the settled law of this State as established by *Whitcomb* v. *Denio,* 52 Vt. 390; *Chamberlain* v. *Fuller,* 59 Vt. 252, 9 Atl. 832; *Norton* v. *Gleason,* 61 Vt. 478, 18 Atl. 45, and recently approved in *Brainard* v. *Van Dyke,* 71 Vt. 359, 45 Atl. 758. There was nothing in this case to take it out of this general rule, and there was no error in submitting the case to the jury on that question.

2. The second ground of the defendant's motion is more serious. The plaintiff could not treat the contract as subsisting after he discovered the fraud and afterwards avoid it. Upon discovering the fraud, he had his election to affirm or disaffirm the contract; he could not do both. And when he has once made his election to affirm, the law requires that he adhere to it. *Barrett* v. *Tyler,* 76 Vt. 108, 56 Atl. 534. His conduct in continuing to use and treat the horse as his own after the discovery of all the essential features of the fraud amounted to an election to recognize the contract as binding, and precluded a subsequent rescission. I Benj. Sales, § 675; *Cookingham* v. *Dusa,* 41 Kan. 229; *Downer* v. *Smith,* 32 Vt. 1, *Barrett* v. *Tyler, supra.* It is urged that the plaintiff was induced to act as he did by the conduct of the defendant. He was induced to delay action by the defendant's assurance that he would make it right if the horse was not as represented; and so far as the *delay* thus caused is concerned it would excuse him, if in the opinion of the jury it was not unreasonable. But he did more than delay, he continued to work the horse, and his continued use of the horse was not

so induced by the defendant. There was nothing in the defendant's statement or conduct that can be construed as a permission to use the property during the time negotiations for a settlement were pending. The defendant said he would make it right if the horse was not as represented. And that is all there was to the statement. In working the horse after that, the plaintiff must be held to have acted voluntarily, and having dealt with the horse as his own, after fully discovering the fraud practiced upon him, he waived his right to rescind. *Tarkington* v. *Purvis,* (Ind.) 9 L. R. A. 607. In view of this holding the other questions raised by the exceptions are unimportant and are not considered.

*Judgment reversed and cause remanded.*