THE BADGER LUMBER COMPANY, *Appellant*, V. ALFRED D. MARTIN *et ux., Appellees.*

No. 16,711.

#### SYLLABUS BY THE COURT.

1. MECHANIC'S LIEN—*Filing of Statement—Pleading and Proof.* In an action to have a mechanic's lien adjudged and foreclosed, the allegation of the petition that a statement therefor was filed within four months after the completion of the work being traversed, a lien should be denied if no evidence of such filing is produced on the trial.

2. VERDICT—*Amount of Award.* In this case the defendants tendered the issue that the alleged improvements were of no value for the purposes for which they were ordered, and produced evidence tending to support such issue. The plaintiff produced evidence of the value of the material used, if taken from the building. *Held,* that a finding of the jury that the improvements were of no value as such, and a general verdict for the plaintiff for the value of the materials, being approved by the court, the judgment thereon will not be reversed.

Appeal from Dickinson district court. Opinion filed December 10, 1910. Affirmed.

*S. S. Smith,* and *Hurd & Hurd,* for the appellant.
*C. S. Crawford,* for the appellees.

The opinion of the court was delivered by

SMITH, J.: This action was brought in the district court of Dickinson county for the purchase price of a hot-air furnace ($125) and bath, lavatory and toilet fixtures ($434), and to foreclose a mechanic's lien on residence property in the city of Hope. There was an oral contract of purchase made with defendant Alfred D. Martin, about which there is no dispute, while the title to the real estate was held by the wife, defendant Helen F. Martin.

The defendants answered jointly, and alleged that the furnace, bath and water fixtures were sold under a guaranty, but that they utterly failed to meet the requirements; that defendant Alfred D. Martin agreed to pay the plaintiff for such improvements, provided the plaintiff should do the work as contracted; that after repeated notices on the part of the defendants of the failure of the improvements to meet the requirements, and repeated attempts on the part of the plaintiff to adjust and perfect the same, and its failure so to do, Alfred D. Martin had several times requested the plaintiff to remove and take away the furnace, bath, lavatory and toilet fixtures. The defendants also alleged that, as constructed, the improvements put in by the plaintiff were entirely worthless. They further alleged that the improvements were all completed and put in the residence by the plaintiff more than four months prior to February 13, 1908, which date seems to be the time of filing the mechanic's lien statement by the plaintiff.

The jury returned a verdict in favor of the plaintiff against defendant Alfred D. Martin in the sum of $45. The plaintiff filed a motion for a new trial on all the statutory grounds, which the court denied and rendered judgment against Alfred D. Martin for the amount of the verdict, but allowed no lien upon the property. There were no special questions submitted to the jury nor findings made by the court, and we are unable to

say whether the lien upon the property for the amount of the judgment was refused on the ground that the installing of the fixtures was no improvement to the property—there being evidence to show that they were of a value, if taken out, at least equal to the amount of the verdict—or whether the court found that the statement of the lien had not been filed within the time prescribed by law.  The abstract contains no evidence as to the time of the filing of the statement of the lien, nor is it therein asserted that there was no evidence tending to prove that the work was completed more than four months before the filing of such statement.  We must, therefore, assume that the court refused the lien for the reason that it found on the evidence that the work had been completed more than four months before the filing of the statement.

It is urged that the court erred in allowing a witness to testify, after he had shown some qualifications, that the heating and water plants as installed were worth nothing; and it is contended that, as the defendants retained the property, they were under obligation to pay for it whatever it was worth for any purpose whatsoever, in accordance with the decision in *Aultman v. Mickey,* 41 Kan. 348.  We have no intention of departing from that decision, but it was competent for the defendants in this case to prove that the machinery or appliances were worth nothing for the purpose for which they were installed, and for the plaintiff to prove, either by cross-examination or by independent evidence, their value for any other purpose, as it in fact did.

Again, it is urged that the court erred in its instructions to the jury.  The record shows that the court instructed the jury orally, and one sentence of the instructions, as transcribed, appears to be so erroneous and so inconsistent with the other portions that it necessarily suggests that there was a mistake in transcribing.  The correct rule on the same subject, however, follows in the very next sentence, and defines the true measure

of the damages which the defendants were entitled to offset against the purchase price. The motion for a new trial is based upon the same alleged error. If we assume that the instructions were orally given to the jury just as reported, still it must follow that the second statement of the rule was intended as a correction of the imperfect statement preceding it.

The verdict is sustained by ample evidence, and the judgment is affirmed.