THE KEYSTONE IRON WORKS COMPANY v. ALMA
WILKIE.

No. 557.

1. DEMURRER TO EVIDENCE—*erroneously sustained, error not cured by defendant's evidence.* Where a demurrer to the evidence of the plaintiff is improperly sustained, the error cannot be cured by the evidence which may be given by the defendant under paragraph 4267 of the General Statutes of 1889. The plaintiff is entitled to have conflicting evidence submitted to the jury.

2. SHERIFF'S DEED —*conveys only property described.* Where the pleadings, judgment, order of confirmation and sheriff's deed limit the description of the property conveyed by said deed to a tract of land and the buildings, machinery, appurtenances and fixtures situated thereon, the purchaser cannot claim under such sheriff's deed the boilers, pumps, pipes and other machinery located upon the land of strangers and used in supplying water for the use of the mill on the land described, as well as for the use of a city.

Error from Butler District Court. Hon C. A. Leland, Judge. Opinion filed July 21, 1897. *Affirmed.*

*Angevine & Cubbison*, for plaintiff in error.

*Redden & Schumacher*, for defendant in error.

DENNISON, P. J. This is an action in replevin, brought in the District Court of Butler County, Kansas, to recover the possession of a steam boiler, pumps, pipes and other machinery used for the purpose of pumping water, and situated at or near Douglass, in said county.

The plaintiff below, who is the plaintiff in error in this court, claims title to the property under and by virtue of a sheriff's deed, executed June 30, 1890, to block 5, Wilkie's Addition to the city of Douglass, in said county.

The defendant claims the right of possession as the agent of D. T. Henderson, who claims title under a

Iron Works Co. v. Wilkie.  655

July 21, 1897.     Opinion.   Dennison, P. J.     C. Div.

chattel mortgage executed by the Douglass Sugar Company to him on October 20, 1888, which was filed for record, October 22, 1888, and renewed by affidavit on October 16, 1889, the possession of said property having been taken by said defendant as such agent prior to the commencement of this action.

The Douglass Sugar Company purchased block 5 in Wilkie's Addition to the town of Douglass, in Butler County, Kansas, in May, 1888, and began the erection of a sugar mill, which they completed on or about the fifteenth day of October, 1888. In June, 1888, the Sugar Company executed a mortgage to N. F. Frazier to secure the sum of $10,600, and became indebted to different persons for material furnished for the erection of said mill. In June, 1888, it was ascertained that the well which had been dug on the premises did not furnish a sufficient quantity of water to operate the sugar mill, and the Sugar Company constructed a pumping station at the Walnut River, consisting of steam boilers and pumps, and connected this pumping station with the main plant by means of iron pipes. The pumping station was also used to supply the city of Douglass with water.

Action was brought in the District Court of Butler County, Kansas, to foreclose one of the mechanics' liens, and all of the lien holders, including the Merchants' Bank, of El Dorado, the assignee of the Frazier mortgage, were made parties defendant. This action was taken upon a change of venue to Cowley County, where the case was tried and judgment rendered against the Douglass Sugar Company. An order of sale was issued upon said judgment, and the property sold to this plaintiff, the Keystone Iron Works Company, for the sum of $10,001.

In the answers and cross-petitions in the original

suit, which are introduced in evidence in this case, the parties, including this plaintiff, asked for liens upon block 5 in Wilkie's Addition to Douglass, Butler County, Kansas, and "the buildings, improvements, and machinery thereunto belonging, and situated and being on said real estate."

The judgment upon which the order of sale issued, which is also in evidence in this case, commands the sheriff of Butler County, Kansas, "to cause to be appraised and to advertise and sell according to law, the lands and tenements in said plaintiff's petition described, and in the several answers and cross-petitions of said defendants herein described, to wit, block 5 in Wilkie's Addition to the city of Douglass, Butler County, Kansas, together with all the buildings, fixtures, machinery and other appurtenances thereto belonging and thereon situated."

The order of the court confirming the sale, which is also in evidence, directs the sheriff to execute to the purchaser a deed, conveying "all of block 5 in Wilkie's Addition to the city of Douglass, Butler County, Kansas, together with all the appurtenances, fixtures and machinery thereon situate."

The granting clause in the deed, which is also in evidence, is as follows :

"All of block 5 in Wilkie's Addition to the city of Douglass, Butler County, Kansas, together with all the buildings, fixtures, machinery and other appurtenances thereunto belonging and thereon situate, and all the estate, right, title and interest whatsoever of the Douglass Sugar Company and the defendants in the above-entitled suit."

In the judgment upon which the sheriff's deed is based, the court refused to declare the claims of the parties who furnished material for the construction

of the pumping station and pipes to be mechanics'
liens upon the real estate of the Sugar Company.

After the plaintiff had submitted its evidence, the
defendant demurred thereto, which demurrer was by
the court sustained; and the defendant
thereupon introduced her evidence in
support of her right of possession in accordance with
the provisions of paragraph 4267 of the General Stat-
utes of 1889. Judgment was rendered in the case
at bar in favor of the defendant for a return of the
property, or in case a return could not be had for the
value thereof, fixed by the jury at the sum of $410.

1. Demurrer to evidence.

The defendant contends that, even if the evidence
of the plaintiff tended to establish its claim, because
her evidence introduced under paragraph 4267 of the
General Statutes of 1889 established her claim, the
error in sustaining the demurrer is immaterial. We
are cited to *Goddard v. Donaha* (42 Kan. 754) and *Scott
v. Stephens* (43 id. 285) in support of the proposition
that although a demurrer to evidence offered by the
plaintiff is overruled when it should have been sus-
tained, yet if the defendant's evidence cures the defects,
the error is immaterial. It is argued that the converse
of this proposition follows from the same reasoning.
We do not allow this contention. If the defendant is
entitled to have a demurrer sustained, he may waive
the error committed in overruling it, by introducing evi-
dence showing that it ought to be overruled; but where
the plaintiff is entitled to have a demurrer to his evi-
dence overruled, the error in sustaining it is not cured
by the evidence of the defendant given under paragraph
4267, supra, showing that he and not the plaintiff is
entitled to the property. In such a case there is a
conflict in the evidence which the plaintiff is entitled
to have submitted to the jury.

658        IRON WORKS CO. V. WILKIE.

S. Dept.        Opinion.  Dennison, P. J.        6 Kan. App.

The view we take of this case renders it unnecessary to consider but one question, and that is, Did the

2. Sheriff's deed conveys only property described therein.

evidence of the plaintiff tend to show its right to recover? If so, the demurrer should have been overruled. If not, it was properly sustained. In the consideration of this question, it is not necessary to decide whether the pumping station under some circumstances would be an appurtenance or fixture to the sugar factory. The answers and cross-petitions of this plaintiff and the other lien holders, the judgment, the decree confirming the sale of the sheriff, and the sheriff's deed, all limit the description to the block of ground and the buildings, machinery, appurtenances and fixtures situated thereupon. It was probably not necessary to use the word "appurtenances," as the deed to the real estate would carry with it the appurtenances belonging to it; but having used the word and restricted its application to the tract of land embraced within block 5 as aforesaid, the plaintiff can claim nothing under its deed except the property necessarily included in the description in the deed. This is the real estate, machinery, appurtenances and fixtures contained and located within the boundaries of block 5 in Wilkie's Addition to Douglass, Butler County, Kansas, and therefore does not include the property in controversy, which was located upon the lands of strangers and was used for supplying both the sugar factory and the city of Douglass with water.

The judgment of the District Court is affirmed.