THE MINNESOTA THRESHER MANUFACTURING COMPANY v. JAMES T. GRUBEN AND P. M. AWALT.

### No. 202.

1. RESCISSION OF CONTRACT—*on account of fraud must be acted upon promptly.* Where a threshing machine sold and bought as new was in fact an old one repaired and repainted, and where the purchasers knew this to be true within three days after they obtained the machine, but thereafter paid, without objection on this ground, one of the notes given for its purchase, *held*, that they waived the fraud in the sale, and the same did not furnish ground for the recovery of damages.

2. —— *right to rescind waived.* Where the purchasers of a machine, having been sued upon the last two of three notes they had given in purchase of the machine, set up as a ground for recovery of damages against the plaintiff the failure of the machine to work properly, resulting in loss to such purchasers, and where it appeared that they had retained and used the machine for 120 days, *held*, that the only remedy the purchasers had was to recover damages of the vendors by reason of the breach of the warranty. *Weybrich & Co. v. Harris*, 31 Kan. 94.

3. INSTRUCTION—*examined.* An instruction to the effect that the jury might credit the vendors with the actual value of the machine, "whether it was as a machine, or as old iron, or anything else of value," with no reference to the contract price, *held*, erroneous, under the authority of *Weybrich & Co. v. Harris*, supra.

Error from Sumner District Court. Hon. James A. Ray, Judge. Opinion filed September 18, 1897. *Reversed.*

*J. A. Burnette*, for plaintiff in error.

*W. W. Schwinn*, for defendants in error.

MILTON, J. Defendants in error, on June 19, 1888, entered into a written contract with an agent of the plaintiff in error for the purchase of a threshing machine and horse-power. The contract contained an order for the machine, describing it, and an agreement by purchasers to receive the same at Caldwell, Kan., to pay the freight charges thereon, and to give three notes, each for one-third of the purchase price, which was $596 net to the Company; it also contained the following clauses:

" It is agreed that the only warranty or representations binding upon the seller are as follows:

" 1. That said machinery is well built and with proper management capable of doing well the work for which it was intended, and the engine of developing its rated power, conditional, however, that the buyer shall set up, start and operate it in a proper and skilful manner, and without changing the original construction of any part of it. The buyer shall have three days after it is first started to ascertain whether said machinery is or is not as warranted and represented; if then it is not, he shall at once discontinue the use of it and state full particulars wherein it failed, by letter mailed at once to the seller at Stillwater, Minn., and wait until seller gets a man there to right it. The buyer shall render the man sent necessary and friendly assistance, and after he is through shall at once give the machinery a fair trial of two days; and whatever part of any machinery is not as warranted and represented he shall then return to where he got it, and the seller may either furnish

another part, or may require the return by the buyer of the remainder of such machine and then furnish another in its place, or refund what he received for it. If, however, the trouble arose from the improper handling of the machine, the buyer shall pay the cost of thus righting it. The use of part or all of said machinery, after said two days' trial, shall be conclusive evidence that it is as warranted and represented, and shall estop the buyer from any defenses on any ground to the payment thereof. No claims, counterclaims, demands or offsets shall ever be made or maintained by the buyer on account of delays, imperfect construction or any cause whatever except as provided herein. The terms and conditions hereof shall not be waived, altered or changed without a special written agreement signed by said Thresher Company or their specially authorized agent therefor at Stillwater, Minn.''

"3. That the seller shall not be bound by any warranty or representations on any of said property delivered to the buyer before it is fully settled for as provided for herein.''

And this further provision :

" This order taken subject to the acceptance of the Minnesota Thresher Manufacturing Company. Purchasers will note that no promise made by any person, whether agent, employee, or attorney, will be considered binding unless made in writing and ratified by home or branch office.''

Upon receipt of the machine, defendants in error executed and delivered to the local agent of the Thresher Company at Caldwell their certain promissory notes. Before taking the machine from the station, one of the defendants noticed some signs which indicated that the machine had been used before and repainted. The machine was taken out to a farm, and threshing commenced and carried on for two days. It did not work satisfactorily, and Mr. Gruben wrote and mailed a letter to the Company stating that they had bought a new machine but "that they got a

668          THRESHER CO. V. GRUBEN.

S. Dept.            Opinion.  Milton, J.          6 Kan. App.

secondhand outfit painted over;" that "it did not give good satisfaction and they wanted the Company to send a man to fix it up." No answer to this letter was ever received. Mr. Awalt went to Mr. Clark and stated that they had not got the machine they ordered and that they wanted to turn over the machine to Clark. The latter refused to take it. At this time both partners were aware that the machine was not a new one. A representative of the Company came and repaired the machine and it was again used. It never worked well, although it was actually used 120 days in the years 1888 and 1889.

When the first note came due, it was paid to Mr. Clark, the local agent of the Company. When the other notes matured, payment was refused and this action resulted. Defendants set up fraud in the selling of an old machine for a new one, that the machine had no value, and that defendants had suffered damages in the sum of $586 by reason of the fraud and failure. Verdict and judgment were rendered in favor of the defendants for $346. The jury found that the machine was worth only seventy dollars, which was credited on the damages.

The court's instructions were not numbered, and counsel for plaintiff in error excepted to the parts thereof which related to the law of fraud and the measure of damages.

Counsel for defendants in error contends that these exceptions are too general to be considered by this court. While the exceptions are not so specific as they should be, we think they require our attention. The closing paragraph of the instructions is as follows:

"I will instruct you further on this measure of damages. If you find from the evidence, gentlemen, that this machine was worth something, although you

may find that it would not do good work, yet if it was worth something and these defendants kept it, the plaintiff would have a right to recover whatever it was reasonably worth to them, whether it was as a machine, or as old iron, or anything else of value, subject, of course, to whatever set-off the defendants might have in regard to their damages and so forth, and also the payment.''

Under the doctrine which was very clearly announced by Mr. Justice Brewer, in *Weybrich & Co. v. Harris* (31 Kan. 92), the instruction just quoted is manifestly erroneous. In that case the purchasers had retained and used the machine, a harvester, for a part of three seasons, while in this case the threshing machine had been used 120 days in all, practically for two seasons. The opinion says:

"A purchaser cannot retain and use property, and at the same time say he repudiates and rescinds the contract to purchase. The only remedy, therefore, the purchasers had in this case was to recover damages of the vendors, by reason of the breach of the warranty. This implies an affirmation of the contract as it was, and a *prima facie* liability for the contract price. The trial court in its instructions in two or three places ignored this rule, and charged the jury repeatedly that they were to credit the vendors with the actual value instead of the contract price, and then charge them for the damages resulting from the breach of the warranty. As there was testimony tending to show that the machine was of little value, the jury were obviously misled by this instruction. Obviously they gave the vendors, the plaintiffs, credit only for what they thought the machine was worth, instead of the price which the purchasers agreed to pay.

"But, as heretofore stated, if the contract is held good, if the plaintiffs are liable under such contract for a breach of the warranty, the contract is also good against the defendants, and they are liable for the contract price. It makes a material difference whether

in the first instance the jury charged the defendants with $260, the cost price of the machine, or simply charged them with what they thought, under the testimony, the machine was worth.''

The instruction we have quoted evidently influenced the jury as to their verdict. For the error pointed out, the judgment of the trial court will be reversed, and the cause remanded for a new trial.