THE INTERNATIONAL FILTER COMPANY, *Appellant*, v. THE CANEY ICE AND COLD STORAGE COMPANY, *Appellee*.

No. 17,022.

SYLLABUS BY THE COURT.

1. SALES — *Executory Contract—Warranty—Breach—Remedies.* In a sale of a machine, under an executory contract, which was to be tested within a fixed time, and which did not correspond with the representations and warranty, the vendee may elect to return the machine or he may retain it and recoup the damages sustained by the breach of the contract.

2. —— *Express Warranty—Breach—Remedies.* If there is an express warranty of the quality of an article sold and there is a breach of the warranty, the vendee's right to recover damages survives his acceptance of the article and he may recover or recoup his damages whether it be regarded as an executory or present sale.

Appeal from Montgomery district court. Opinion filed May 6, 1911. Affirmed.

*W. A. Merrill,* for the appellant; *Seitz, Bryan & Wilber,* of counsel.

*George H. Wark,* for the appellee; *Edw. H. Chandler,* of counsel.

45—84 KAN.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an action to recover the price of a filter sold by the International Filter Company to the Caney Ice and Cold Storage Company. In response to a letter from the ice company the filter company wrote that its filters would remove all foreign suspended matter from the water, free it from oil and discoloration, and assure uniformly clear ice, and it proposed to ship one on the condition that it might be returned within thirty-five days if in its use, according to directions, satisfactory results were not obtained. The trial offer was accepted by the ice company on September 21, 1908, and two days later a filter was shipped to it from Chicago, and at the same time the filter company wrote advising the ice company of the shipment and asking it to report if any difficulties in its operation were encountered. On October 28, 1908, the ice company wrote the filter company that they had not been able to give the filter a thorough test on account of the fact that the machinery was not working well, and that the ice produced contained foreign matter, but that they were not able to determine whether it was a defect in the filter or defects in their plant, and they asked that the trial period be extended for a week or more until they could make a more complete test. In answer to this letter the filter company wrote, suggesting that they thought that the defects were due to the machinery of the ice plant rather than the filter, and they made a number of suggestions as to the cause of the trouble and how it might be remedied. They further stated that the time for trial had expired, but that as an accommodation they were willing to extend the date of payment to November 15, 1908. On November 16, 1908, the filter company drew on the ice company for the price of the filter, but the ice company refused to pay the draft, saying that the filter would not take foreign matter out of the ice and

was not up to the warranty in other respects.  In addition to this correspondence there was testimony that in response to another letter written by the ice company, to the effect that the filter was working badly, the filter company wrote extending the time of trial and guaranteeing to make the filter work satisfactorily, but that the letter was lost.  On November 27, 1908, the ice company returned the filter to Chicago, where it was received by the filter company, which stated that it was holding it subject to the order of the ice company.  This action was brought for the invoice price of the filter, and the defense was rescission and return of the filter as provided by contract, a breach of the warranty of sale, and damages for the breach.  The case was tried without a jury and a general finding in favor of the ice company was made.

The evidence relating to the right of rescission and as to the warranty is conflicting, and nothing in the record discloses what is embraced in the general finding or upon what theory judgment was rendered.  In reaching its decision the court was at liberty to accept the testimony of defendant and all reasonable presumptions must be indulged in support of the general finding which the court made.  It is contended that as the defendant did not notify the plaintiff of its purpose to return the filter, nor return it within the thirty-five days, the sale became absolute and the defendant liable for the price.  According to some of the testimony the time of return of the filter, if it did not work well, was extended, and although the letter was not produced the finding of the court may have been based on the secondary evidence of the contents of this letter. There was evidence, too, of representations and warranties of quality by the plaintiff and also testimony that the filter did not correspond to the warranty.  If the evidence of the defendant was believed by the court, the filter was found to be unsatisfactory and inferior after a fair test had been made, and, further, that it

was returned within the time as extended and agreed upon between the parties.

Under the testimony there was ground for holding that defendant had a right to return the filter, or, if it elected, it could retain it and recoup the damages sustained by reason of the plaintiff's breach of the contract. The contract involved appears to be executory in its nature, and when the defendant, after a test in good faith, found that the filter did not meet the warranty it had a right to return it within the agreed time, and if there was an express warranty, as claimed, the right to recover or set-off the damages resulting from the breach of warranty would survive an acceptance of the filter whether the contract was executory or complete. (*Graff v. Osborne*, 56 Kan. 162; *Underwood et al. v. Wolf*, 131 Ill. 425; *Fairbank Canning Co. v. Metzger et al.*, 118 N. Y. 260; Benj. Sales, 5th ed., p. 1013.)

The judgment is affirmed.