No. 19,459.

W. G. LYMAN and EDWIN LYMAN, *Appellees*, v. LEON
WEDERSKI and MARY WEDERSKI, *Appellants*.

### SYLLABUS BY THE COURT.

1. · SALE—*Header—Action on Renewal Note—Breach of War-
ranty — Failure of Consideration — Demurrer to Evidence
Rightly Sustained.* In an action on a promissory note given
in renewal of a former note for the purchase price of a
header the defense was a breach of warranty and failure of
consideration. The defendants' evidence showed that the
machine was defective and failed to give satisfaction from
the first time it was tried, but that after using it through one
harvest they made payments on the original note, and after
using it the second season executed a renewal note and con-
tinued to use the machine for two more seasons and still re-
tained it in their possession. There was no evidence of an
express warranty nor proof to show what, if any, damages
the defendants sustained by reason of the defect in the ma-
chine. *Held,* that a demurrer to the evidence was rightly
sustained.

2. SAME—*Defendants Had Election of Two Remedies.* The de-
fendants had the election of one of two remedies: either to re-
turn the machine and rescind the contract, or keep the machine,
affirm the contract and either sue for damages for a breach
of warranty, if there was a warranty, or when sued for the
purchase price recoup any damages sustained by a breach of
warranty.

Appeal from Rawlins district court; WILLIAM S.
LANGMADE, judge. Opinion filed May 8, 1915. Affirmed.

*J. P. Noble,* of Oberlin, and *M. A. Wilson,* of Atwood,
for the appellants.

*C. A. P. Falconer,* and *Fred Robertson,* both of At-
wood, for the appellees.

The opinion of the court was delivered by

PORTER, J.: This is an action on a promissory note
given by defendants in renewal of a former note for the
purchase price of a combined harvester and header.

Lyman v. Wederski.

The defense sought to be set up in the answer was a breach of warranty and failure of consideration. The court sustained a demurrer to defendants' evidence and rendered judgment for the plaintiffs. The defendants appeal.

The machine was purchased June 5, 1905, and taken to defendants' farm. Their testimony is that it never gave satisfaction; that from the first attempt to use it they had trouble with the rudder wheel. So far as the evidence shows this was the only defect in the machine, but defendants claim that they had the same trouble with it during all the time from the first. After they had tried it part of the first day and after talking with one of the plaintiffs about the failure of the rudder wheel to work satisfactorily, they executed their note to plaintiffs for $215, the purchase price. Their testimony is that at the time they gave this note one of the plaintiffs said if the machine did not work to let him know and he would make it work. There was no evidence that subsequent to the execution of the note they ever notified plaintiffs that the machine would not work or requested plaintiffs to come and fix it. The only defect in the machine was one which was obvious and which the defendants knew of from the first. Notwithstanding this they used the machine in the harvests of 1905, 1906, 1907 and 1908, and conceded that they used it to cut at least 300 acres of grain. In the fall of 1905 they made a substantial payment on the first note, and on September 27, 1907, after having used the machine two seasons, they executed the renewal note. It is claimed by them that the trial court sustained the demurrer solely upon the ground that they had given their renewal note and were estopped. This is denied by the plaintiffs and the record does not support defendants' contention. The court may have sustained the demurrer on the ground that there was no evidence of any kind to show an express warranty nor any proof to show what, if any, damages defendants sustained

by the failure of the machine to give satisfaction. The appellants, of course, had the election of one of two remedies, either to return the machine and rescind the contract, or keep the machine, affirm the contract and sue for damages for a breach of warranty, if there was a warranty. (*Weybrich & Co. v. Harris,* 31 Kan. 92, 1 Pac. 271; *McCormick v. Roberts,* 32 Kan. 68, 3 Pac. 753; *Cookingham v. Dusa,* 41 Kan. 229, 21 Pac. 95; *Graff v. Osborne,* 56 Kan. 162, 42 Pac. 704.)

If they had proved a breach of warranty they might have recouped any damages proved to be sustained by the breach (*Filter Co. v. Ice Co.,* 84 Kan. 705, 115 Pac. 635), but they could not stand simply upon the defense of a failure of consideration. Mrs. Wederski testified that when the renewal note was given one of the plaintiffs said: "If we did not give the note he would make a judgment against us and take our stock," and that about a week after the renewal was executed she talked to one of the plaintiffs in regard to the fixing of the header and he said that his son, the other plaintiff, would fix it all right. Under the circumstances shown in the evidence and in the absence of any proof of an express warranty or of damages sustained by the failure of the machine to give satisfaction, we find no error in the ruling sustaining the demurrer to the evidence.

The judgment is affirmed.