No. 20,036.

J. J. MUENZENMAYER et al., Partners, etc., *Appellees*, v.
JOSEPH HOOD and WILLIAM HOOD, *Appellants.*·

SYLLABUS BY THE COURT.

PROMISSORY NOTE — *Warranty of Machinery* — *Purchaser Estopped to Recoup Damages for Breach Thereof.* The plaintiffs assisted a machinery company in selling an engine and separator to one of the defendants for $1200 and $1105 respectively, for which he gave notes in the sum of $2305. The plaintiffs guaranteed the machinery to work satisfactorily, and purchased the notes given to the vendor. The engine proved defective and the purchaser made repeated complaints, and after certain efforts by the plaintiffs to adjust it they advised the purchaser to see what he could do with it another season. Long after this, with their consent, he traded the engine towards a new one and took up the old notes with the ones sued on, which he secured by a mortgage covering the separator and the new engine. This was some two years after the execution of the original notes, and when giving the new notes he was told by the plaintiffs that he would finally be allowed for the time he had lain idle with the old engine. During the first season he paid $500, the next season $400, and later $500 more. In an action on the notes last given he sought to recoup damages for breach of warranty of the old engine. *Held*, that he is estopped.

Appeal from Geary district court; ROSWELL L. KING, judge. Opinion filed March 11, 1916. Affirmed.

*W. S. Roark,* of Junction City, for the appellants.

*I. M. Platt,* of Junction City, for the appellees.

The opinion of the court was delivered by

WEST, J.: Plaintiffs sued on two promissory notes and recovered. The defendants appeal. The plaintiffs, who seem to have been implement dealers, helped the agent of a machinery company sell to defendant Joseph Hood a separator and a second-hand engine, and one of the plaintiffs appears to have guaranteed the engine to do good work and to be satisfactory and that he would stand behind the deal. There is no showing of serious defects in the separator, but there was testimony that the engine would not work and that complaint was made to the plaintiffs, who became the owners of the notes

given to the machinery company, and a man was sent to adjust it, but did not succeed. Complaints and exhortations to try it further were exchanged for two thrashing seasons, the purchaser in the meantime offering to return the machinery for a return of the purchase price, and offering at another time $500 to take it back, but making payments thereon of $500 the first year and $400 the second, and later another of $500. He was advised to go to Kansas City at plaintiffs' expense and trade the engine towards another. This journey was taken, but without success, and later a trade was made elsewhere of the old towards a new engine, the old one for which Hood was to have given $1200 being turned in at $400, and a new mortgage was made to cover the new engine and secure the notes sued on herein. Damages by loss of time and expenditures for repairs were testified to, and also that when the new notes were given one of the plaintiffs said:

"Well, you go ahead and sign these notes and see what you can do threshing and whenever you get through we will settle up and I will pay you for the time you lost when you was laying idle with your old engine."

This was stricken out as being new matter not pleaded in the answer. The answer of William Hood alleged that he signed the notes as surety, and adopted the averments of Joseph Hood's answer. The latter alleged, among other things, that the notes were given for machinery expressly guaranteed to be free from defects and to work satisfactorily; that he relied on such guarantee by W. F. Muenzenmayer, in whom he had confidence, who assured him that if the engine and separator did not work satisfactorily they would be made to do so; that the engine was of $750 less value than the agreed price therefor, and was old, defective and broken in parts; that plaintiff, on being so advised, refused to take back the property, or return the consideration or make good his guaranty.

The notes sued on were given to the plaintiffs in 1911 to take up a series of notes given to the Avery company in 1909, from whom they had been purchased by the plaintiffs. A demurrer to the defendants' testimony was sustained, and this ruling is complained of as precluding an accounting to which the defendants are entitled.

This is the situation: In 1909 the separator was purchased of the Avery company for $1105, according to Joseph Hood's

testimony, and the engine for $1200, making $2305, and of this sum he paid respectively during two or three seasons, $500, $400 and $500, making $1400, and he admitted that there was nothing substantially wrong with the separator. These facts, together with the giving of the new notes two years after the first ones were executed, present so strong a case of acquiescence and estoppel that the majority of the court are of the opinion that no defense was shown and that the demurrer was properly sustained. (See *McCreary v. Parsons, Executrix,* 31 Kan. 447, 2 Pac. 570, and *Hartwell v. Manufacturing Co.,* 78 Kan. 259, 263, 97 Pac. 432.)

The judgment is affirmed.

WEST, J. (dissenting): The testimony, which as against a demurrer must be taken as true, seems to bring the case within the rule announced in *Lyman v. Wederski,* 95 Kan. 438, syl. ¶ 2, 148 Pac. 642, holding, like other decisions there cited, that for breach of warranty damages may be recouped when suit is brought to recover the consideration. (3 R. C. L. 947; 14 A. & E. Encycl. of L. 169.) The change of ownership and renewal of the notes do not preclude the defense in view of the connection the plaintiffs have had with the entire transaction from the beginning. (*Hodge v. Bishop,* 96 Kan. 419, 151 Pac. 1105.)