No. 20,168.

E. H. VAN NATTA, *Appellee*, V. NELLIE F. SNYDER, *Appellant*.

### SYLLABUS BY THE COURT.

1. CONTRACT—*Purchase of Hotel—Contract Procured by Fraud—Contract fully Executed—Fraud Not Waived or Condoned.* A woman was induced to purchase a hotel through fraudulent representations of the vendor. The contract of sale was executed on both sides, the vendee paying half the consideration in cash and executing and delivering notes secured by mortgage for the remainder. After the transaction was concluded, but on the same day, the vendee discovered the fraud. The notes were payable monthly, beginning July 1, 1913. The vendee paid ten of them, the last on October 10, 1913, and meanwhile occupied the property without complaining of the fraud. In January, 1915, the vendor brought suit to recover on the unpaid notes and to foreclose the mortgage. The vendee was without business experience and had relied entirely on the vendor, whom she regarded as a friend. She was ashamed to think the vendor had beaten her, was afraid to make him angry and antagonistic, did not know what to do that would do any good, and was ignorant of her rights until she consulted an attorney after she was sued. *Held*, the fraud was not waived or condoned, and a counterclaim for damages for the difference between the value of the property as it was and as it was represented to be was wrongfully disallowed.

2. SAME—*Former Decision Overruled in Part.* The first paragraph of the syllabus of the case of *Thresher Co. v. Gruben*, 6 Kan. App. 665, 50 Pac. 67, is overruled.

Appeal from Republic district court; JOHN C. HOGIN, judge. Opinion filed May 6, 1916. Reversed.

*N. J. Ward*, and *H. H. Van Natta*, both of Belleville, for the appellant.

*W. D. Vance*, and *R. E. McTaggart*, both of Belleville, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on thirty promissory notes given by the defendant to the plaintiff and to foreclose a real-estate and a chattel mortgage securing the notes. The defendant interposed a counterclaim for damages for fraud practiced upon her in the transaction which gave rise to the

notes and mortgages.  A demurrer was sustained to her evidence, judgment was rendered against her, and she appeals.

The plaintiff sold her farm and purchased the defendant's hotel, with its furniture, fixtures and equipment.  The sale was concluded and the deed was delivered on June 17, 1913.  The price paid was $4000.  The sum of $2000 was paid in cash. Forty notes of $50 each, payable one each month, beginning July 1, 1913, were given for the remainder of the price.  The first ten notes were paid, the last one being paid on October 1, 1913.  The suit was commenced on January 19, 1915.

The evidence was sufficient to establish fraud.  The hotel stood on the east portions of two lots.  The defendant was shown the property in such a way as to lead her to believe she was getting the building and all of both lots, which appeared to form and appeared to be used as a unit, known as the Brunswick hotel.  The deed conveyed only the east half of the lots, the west half having previously been deeded to the plaintiff's son.  The contract of sale reads as follows:

"I, E. H. Van Natta hereby agree to sell to Nellie F. Snyder the entire furniture and everything now used in carrying on the business of the Brunswick hotel at Scandia, Kansas, excepting therefrom only the articles mentioned on the other side hereof, which articles I am to take from said hotel and the same are not to be considered a part of this sale.

"This contract or memoranda is made in connection with the sale of the lots and buildings known as the Brunswick hotel, for which a valuable consideration is this day paid, viz: $2000.00 in cash and a mortgage on the same for $2000.00, payable in 40 months from July 1, 1913."

The court seems to have been of the opinion the defendant's evidence showed as a matter of law that she had waived the fraud or was estopped from setting it up.  The defendant testified that she was distantly related to the plaintiff, considered him her friend, and did not advise with any one else because she considered him just like a father to her.  In the evening of the day the sale was consummated, after the defendant had paid her money, had given her notes and mortgages, and had received her deed, the plaintiff's wife told her the deed did not contain all of the two hotel lots.  Soon afterwards the plaintiff's son fenced off a part of the lots.  The defendant accepted the situation, paid notes as they became due, and even after the suit was commenced tried to borrow money to pay

what she owed the plaintiff. She did not complain of the fraud until her answer was filed. The reason the defendant did not complain sooner was that she was ashamed to think the plaintiff had beaten her. He was very quarrelsome when crossed, she was afraid to make him angry, he said such awful things, and she did not want to make him antagonistic. She was without any business experience, did not know what to do that would do any good, and did not know what her rights were until she consulted an attorney after she was sued.

The case ought to have gone to the jury. In the beginning the defendant had two remedies, one equitable and the other legal. She could rescind the contract of sale and require return of her money and cancellation of her notes and mortgages. To avail herself of this remedy it was essential that she act promptly and tender reconveyance. She could not allow herself to be in the attitude of reaping an advantage from a contract which she repudiated, or allow the state of affairs to change so the plaintiff, acting on the assumption the contract was to stand, could not be substantially restored to his former situation. On the other hand, the defendant could affirm the contract and sue for the damages which she sustained because of the fraud. Affirmance of the contract meant that the notes and mortgages were valid obligations to be met according to their tenor. It also meant that the plaintiff should keep whatever she received, such as it was. In simply doing this she did not waive the fraud. The measure of her damages was the difference in value between the hotel property as it was and as it was represented to be, and the claim for damages could be asserted by action or by way of counterclaim at any time within the period fixed by the statute of limitations. All this is elementary law, and cases applying the doctrines stated have been collated again and again. The plaintiff cites the following statement appearing in 20 Cyc., at page 92:

"Thus where a contract of sale has been induced by fraud of the vendor, if the purchaser consummates the purchase after discovering the fraud he cannot thereafter maintain an action of deceit. These principles are not in conflict with the doctrine that the party defrauded has his election to repudiate the contract or to affirm it and sue in deceit. The question of waiver, however, is largely one of intent."

Van Natta v. Snyder.

The plaintiff failed to cite the statement of principle which immediately precedes the quoted statement and which the quoted statement merely illustrates. It reads thus:

"If the defrauded party acquires knowledge of the fraud while the contract remains executory, and thereafter does any acts in performance or affirmance of the contract, or exacts performance from the other party, he thereby condones the fraud and waives his right of action. Under such circumstances a recovery would be largely if not entirely for self-inflicted injuries and the maxim, *Volenti non fit injuria,* applies." (20 Cyc. 92.)

In this case the contract of sale was fully executed on both sides. The contract has been quoted. It was entirely fulfilled by the defendant when she paid $2000 and gave notes secured by mortgages for $2000 more. If, before paying the money and giving the notes and mortgages, the plaintiff had discovered the fraud and had then proceeded to execute the contract there would have been ground for invoking the doctrine of waiver. Because, however, waiver is largely a matter of intention—that is, an intention to cling to the bargain and pay the price for the property as it is and not as it was represented to be—there would still have been a question for the jury to pass upon, in view of the defendant's confusion, ignorance and fear.

The plaintiff's brief contains the following statement:

"Where it clearly appears that after a man had been in possession of property a month, he paid money on the contract, bought out additional interests therein and never made a claim of fraud until after suit was brought for collection of the purchase price, a counterclaim based on fraud will not be allowed."

The case of *White, Admx., v. Smith,* 39 Kan. 752, 18 Pac. 931, is given as authority for the statement. No question of waiver or condonation was involved or was considered in that case. The only question was whether or not actionable fraud had been established, and the circumstances that after Smith had been in possession of his own share of the property a month and a day he paid money on the contract, that he subsequently bought out two additional interests, and that no claim of fraud was ever made until after the commencement of suit, were referred to, in connection with other matters stated in the opinion, not as showing condonation of a fraud, but as showing the purchaser had not been defrauded at all in the manner charged.

The case of *Sell v. Compton,* 91 Kan. 151, 136 Pac. 927, is cited by the defendant and criticized by the plaintiff. The case was one for rescission and cancellation. The syllabus reads as follows:

"A man who trades his farm for a stock of merchandise and fixtures, gives a deed to the farm, a note for the difference in price between the farm and the goods, and agrees to pay a percentage of the proceeds of the sales of the goods on the note, has no standing in equity to ask for cancellation of the deed and note on the ground that the goods were fraudulently misrepresented unless he disaffirm promptly on discovery of the fraud and restore, or is able to restore, the other party to the trade substantially to his original status.

"If, after knowledge of the fraud, the purchaser of the goods continue to sell them in regular course of retail trade, conduct a ten-day special sale, otherwise dispose of considerable quantities of the goods, make payments on the note, and submit to a foreclosure of a chattel mortgage given to secure the note, all without any expression of dissatisfaction, the contract is affirmed in fact and in law, and his only remedy is by an action for damages." (Syl. ¶¶ 1, 2.)

The cause was remanded with permission to amend the pleading to claim damages, should the district court, in the exercise of its discretion, see fit to permit the amendment. In the opinion an instruction given the jury called to determine questions of fact was summarized as follows:

"The court instructed the jury that if the defendant was guilty of fraud it was the duty of the plaintiff to act promptly on discovery of the fraud, to return or offer to return the goods, and to demand restoration of the title to his land; and that if he said nothing and continued to sell the goods, he waived the fraud and could not complain of it." (p. 153.)

In the plaintiff's brief it is asserted that this court expressly approved that instruction and said the fraud was waived. The argument is that the instruction embodied the rule of condonation, that when the fraud was waived all remedies were lost, and that the court's volunteered suggestion was unnecessary and was in conflict with the instruction. The trial court was instructing the jury in a case of rescission, and under elementary rules of interpretation the phraseology employed should be regarded as relating to the subject under consideration. Assuming that the instruction would be so understood, this court quoted it, but this court did not "expressly" approve the instruction either in form or in substance, and nowhere in the syllabus or in the opinion did this court say the "fraud was waived." There was evidence enough that the vendee had

Van Natta v. Snyder.

been defrauded.   The decision foreclosed further pursuit of the remedy of rescission and cancellation, and it was the duty of the court to direct the trial court what to do.   If the vendee still had a remedy by way of damages, the petition being amendable on that theory, there was no need to compel him to begin all over again.   The facts did not show that the remedy by way of damages had been lost as a matter of law, and consequently the case was remanded with leave to amend so as to claim damages, unless the trial court should be apprised of something appealing to its discretion which would authorize it to enter a dismissal.   Consequently the decision is not open to the plaintiff's criticism and is an authority supporting the defendant's argument.

The plaintiff quotes the first paragraph of the syllabus of the case of *Thresher Co. v. Gruben,* 6 Kan. App. 665, 50 Pac. 67, which reads as follows:

"Where a threshing machine sold and bought as new was in fact an old one repaired and repainted, and where the purchasers knew this to be true within three days after they obtained the machine, but thereafter paid, without objection on this ground, one of the notes given for its purchase, *held,* that they waived the fraud in the sale, and the same did not furnish ground for the recovery of damages."

In that case the facts stated in the opinion show that the purchasers had three remedies:  First, for rescission.   This remedy was lost by using the machine and paying part of the price, although the purchaser knew of the fraud within three days after the purchase.   Second, affirmance of the contract and action for damages for fraud in respect to representations not covered by the contract.   This remedy was not waived by merely keeping and using the machine and paying one note.   Third, action for damages for breach of warranty in respect to matters covered by the contract.   The court of appeals confused the right to rescind, which must be exercised promptly, and the right to affirm, keep the property, pay for it, and sue for damages.   The paragraph of the syllabus quoted is overruled.

The defendant claimed the plaintiff did not deliver to her all the personal property included in the contract of sale.   If so she is entitled to credit for the value of such property.

The judgment of the district court is reversed and the cause is remanded for a new trial.