## MARKS et al. v. STEIN.

No. 6340—Opinion Filed Oct. 3, 1916.

(160 Pac. 318.)

### Sales—Fraud—Waiver.

It appears that the defendant is an experienced merchant; that he bought goods for the fall and winter trade; that they were received on or about the 1st of September, and at the time he received them he discovered that they were not of the kind, character, or quality of goods purchased; that he exposed them for sale, and they faded, and with full knowledge of these facts he paid a part of the purchase price and kept the goods, and in the following February he executed a note for the balance of the purchase price, and on the 15th day of June, when the note was past due, and just nine days before the filing of this suit, he paid $25 on it. Held, that such acts constitute a waiver of whatever damages he may have suffered because of any fraud practiced on him, and he is estopped from setting up or pleading such damages as a defense against a recovery on the note.

(Syllabus by Brunson, C.)

Error from County Court, Pontotoc County; I. M. King, Judge.

Action by Aaron M. Marks and another, against Ike Stein, doing business as the Merriman Manufacturing Company. Judgment for defendant, and plaintiffs bring error. Reversed and remanded, with instructions.

Epperson & Roddie, for plaintiffs in error.
Crawford & Bolen, for defendant in error.

Opinion by BRUNSON, C. The parties to this suit are designated here as they were in the trial court. The plaintiffs sued the defendant upon a promissory note that had been executed for the balance of the purchase price of certain goods bought by sample. The defendant answered that the clothing, when delivered, did not correspond to the sample, and the representations made by the seller; that they were cotton, and faded easily. The plaintiffs in their reply pleaded an estoppel by reason of the fact that the note in question was given some four or five months after the goods were received, and for the purpose of obtaining an extension of time in which to pay, and that after the note had become due the defendant made payment on it without objections. The defendant testified, in part as follows:

"Q. When did you get the goods? A. About the last of August and the first of September (meaning 1911). When the goods came I did not want them. Pure cotton. Nobody wouldn't buy them."

It is further shown from the testimony that the defendant, with full knowledge of the facts that the goods were not of the kind, character, and quality purchased, kept and exposed them for sale and paid a part of the purchase price, and that in February of the following year he executed a note for the balance of the purchase price of the goods; that the goods faded while being exposed for sale; that the defendant is an experienced merchant, but that he did not know that the goods had faded at the time he executed the note, but on the 15th day of June, when the note was long past due, and just nine days before the filing of this suit, when he must have known the condition of the goods as to fading, he paid $25 on it and made no objections to the kind, character, or quality of the goods, or that they had faded.

There was a time when he might have obtained relief from the fraud he claimed was practiced on him, and for the damages he claims were caused him by such fraud, but the right to obtain such relief can be waived, and we think, under the record in this case, the defendant has sinned away his day of grace. It is clear to our minds that such acts constitute a waiver of whatever damages he may have sustained because of such fraud practiced on him, and that he is thereby estopped from setting up or pleading such damages as a defense against the recovery on the note. When the defendant discovered that the goods were not of the kind, character, or quality purchased, it was his duty to assert that fact, and either refuse to accept the goods and return them, or keep the goods and assert his right for damages against the seller. In the case of Burne v. Lee, 156 Cal. 221, 104 Pac. 438, in the second paragraph of the syllabus, it is said:

"One who, after a discovery of the fraud which induced him to make a contract, assents to a new agreement concerning the subject-matter of the contract, thereby waives his claim for damages caused by the fraud."

In the case of Minnesota Thresher Manufacturing Co. v. Gruben et al., 6 Kan. App. 655, 50 Pac. 67, in the first paragraph of the syllabus, it is said:

"Where a threshing machine sold and bought as new, was in fact an old one, repaired and repainted, and where the purchasers knew this to be true within three days after they obtained the machine, but thereafter paid, without objection on this ground, one of the notes given for its purchase, held, that they waived the fraud in the sale, and the same did not furnish ground for the recovery of damages."

In the case of Spaulding Manufacturing Co. v. Holiday, 32 Okla. 823, 124 Pac. 35, in the third paragraph of the syllabus, it is said:

"Where a purchaser kept and used a buggy continually for nearly, or quite a year, and then offered to return it because it was not as represented, the offer to return was too late, and the delay in offering to return was unreasonable as a matter of law."

The evidence of the defendant as to the fraud practiced on him and the damage caused him by such fraud was admitted over objections and exceptions, and at the close of his testimony the plaintiffs moved the court to withdraw the same from the consideration of the jury. This the court refused to do, and in this we think the court committed prejudicial error.

This case is reversed and remanded to the trial court, with instructions to him to set aside the judgment heretofore entered, and to enter a judgment for the plaintiffs on the note, for the principal, interest, costs and attorney's fees.

The former opinion filed herein is withdrawn.

By the Court: It is so ordered.