Geiger v. Cardwell.

No. 20,588.

CHARLES A. GEIGER, *Appellee*, v. M. W CARDWELL, *Appellant*.

SYLLABUS BY THE COURT.

1. CONTRACT—*Partial Performance—Fraud Discovered—Contract Completed—Damages on Account of Fraud Not Waived.* Where one who has contracted to buy certain property for about $15,000, the transaction involving his assumption of an obligation which he discovers, after having paid $1000 on the purchase price, to be about $500 larger than the seller had represented, he does not waive his right to recover damages on account of the fraud by accepting the property and completing the payment.

2. SAME—*Executory Contract—Fraud Discovered—Agreement to Arbitrate—Agreement Repudiated—Fraud Not Waived.* Where one who has agreed to buy certain property discovers, while the contract is still wholly executory, that fraudulent representations had been made to induce the trade, his election to complete the purchase does not preclude him from claiming damages on account of the fraud, if it was induced by an agreement to arbitrate the matter in dispute, which the vendor later refused to carry out.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed January 6, 1917. Affirmed.

*Fred S. Jackson,* of Topeka, for the appellant.

*M. O. Lock, Hugh T. Fisher,* and *E. B. Smith,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: M. W. Cardwell sold to Charles A. Geiger, for $15,940, a number of grain elevators, some office furniture, and all the capital stock of the Topeka Grain & Elevator Company, a corporation. Geiger received the property, completed the payment of the purchase price, and brought action against Cardwell on the ground that as a part of the transaction, and as an inducement thereto, Cardwell had represented to him that the outstanding contracts executed in the name of the corporation for the purchase of corn at stated prices covered only 2500 bushels, whereas in fact they covered 8854 bushels, as a result of which, in carrying out the contracts for the ad-

ditional amount, he lost $572.88. The plaintiff recovered a judgment for $343.11, and the defendant appeals.

The defendant contends that the evidence does not sustain the judgment. The case was tried without a jury, and no special findings were made. The decision must therefore be affirmed if it was warranted on any theory of the law permissible under the pleadings, and by any facts fairly to be deduced from any view of the evidence. It is suggested that there was no evidence that the defendant knew of the falsity of the representations complained of, even if he made them and they were not true. There was testimony that the statements related to business done by himself, personally or through agents, that he assumed knowledge on the subject by undertaking to give the facts, and he denied, under oath, the language attributed to him. His good faith in the matter was a fair question for the trial court.

1. The defendant insists that no recovery can be had as damages for the perpetration of a fraud, because the plaintiff, after learning all the facts regarding the corn contracts, chose to carry out the agreement with the defendant, and thereby waived any fraud by which he had been induced to enter it. Some courts hold that such a waiver results where the defrauded party completes a partly performed contract after learning of the deception practiced upon him. (20 Cyc. 92, 93; 12 R. C. L. 414, with note 8.) Others take the view that the fraud is not waived by performance of the contract unless the discovery is made while it remains purely executory. (12 R. C. L. 413.). This court has disavowed the rule that a discovery of the fraud in an early stage of performance puts the injured party to an election between on the one hand stopping operations under the contract and seeking remedy for the fraud, and on the other going ahead under the agreement and condoning the wrong. (*Van Natta v. Snyder*, 98 Kan. 102, 157 Pac. 432, overruling on this point *Thresher Co. v. Gruben*, 6 Kan. App. 665, 50 Pac. 67.) In *Elwood v. Tiemair*, 91 Kan. 842, 139 Pac. 362, it was said that the payment of installments on a contract effects a waiver of any fraud in its inception which is discovered "before the contract is executed" (p. 849), but there the discovery was made before the first installment was paid, and while the contract was purely executory. Here the con-

tract between the plaintiff and the defendant was signed on November 9, 1912, at which time $1000 of the purchase price was paid. Three days later the plaintiff learned the actual amount of corn which the corporation, the stock of which he was about to acquire, had contracted to buy. His next payment was made on November 18. We regard the initial payment as such a part performance of the contract as to render it no longer wholly executory in such sense as to affect the right of the plaintiff to ask damages for the fraud without repudiating the entire agreement. The reasons for the rule that a party can not complain of any fraud discovered while the contract is purely executory, by which he was induced to enter into it, are said to be that "in such cases the fraud is really consummated and the damages incurred by such performance, and that to permit a recovery thereafter would virtually be to allow a recovery for self-inflicted injuries, and to permit the complaining party to speculate upon the other's fraud." (12 R. C. L. 413.) It can not fairly be said that the plaintiff, having an open choice in the matter, voluntarily elected to go ahead with the contract when he might have withdrawn from it—that he chose to become involved in a transaction which he might have kept out of. He was already involved when the discovery was made. He had a thousand dollars invested in the deal when he learned of the facts. This amount was small as compared with the total purchase price, but it was nearly twice as large as the damage he claimed, and nearly three times as large as his recovery. To have maintained an action for what he had paid he would have been required to prove the fraud. We hold that the option lay with him to rescind the contract for the fraud or to abide by it and recoup the loss he suffered by the deception.

2. The plaintiff presents another sufficient answer to the contention that he is estopped to rely upon the fraud. The evidence justifies a finding, which, if necessary to support the judgment, the trial court must be presumed to have made, that after the discovery of the falsity of the representations and before the payment of any of the purchase price in excess of the first thousand dollars, the parties made an agreement, which the defendant later refused to carry out, to arbitrate the

controversy in regard to the fraud, and that this was one of the considerations that induced the plaintiff to abide by the contract. The defendant testified that he had agreed to an arbitration, but only in case the amount of the claim should be limited to $150, and that he refused to accept this method of settlement because that condition was not fulfilled. The court may have discredited his statement that the agreement was conditional. The plaintiff did not testify that the proposition to arbitrate was one of the considerations that led him to complete the purchase of the property, but there was room for the inference that it was one of the matters he took into consideration in that connection. In behalf of the defendant it is argued that the performance of the contract by the plaintiff estopped him to ask damages on account of the fraud, even if that conduct on his part were induced by an agreement to arbitrate the matter in dispute, and *Muenzenmayer v. Hood*, 97 Kan. 565, 155 Pac. 917, is cited as supporting this contention. There an engine was sold under a guaranty, the buyer giving his notes; two years later he turned in this engine toward the purchase of another, giving new notes secured by a mortgage on the new engine. In an action on the second series of notes it was held that by acquiescence and estoppel he was precluded from recouping damages for breach of the warranty. Evidence was introduced that at the time of the giving of the new notes he was promised that he should be paid for the time lost by reason of the defects in the old engine. But this evidence was stricken out by the trial court because not within the pleadings, so that the case does not decide that a reliance on such a promise would not have excused the conduct which was held to have resulted in an estoppel. If the contract in the present case had been wholly executory at the time the actual facts were discovered by the plaintiff, his election to carry out the trade would not have estopped him to claim damages on account of the fraud, if it was induced by an agreement to arbitrate the defendant's liability in that connection.

The judgment is affirmed.