## GREEN et al. v. HOPPER.    (No. 31.)

(Court of Civil Appeals of Texas. Eastland. May 17, 1925. Rehearing Denied Dec. 18, 1925.)

**1. Contracts ⊕⇒97(2)—Ratification must be made with full knowledge of facts.**

Ratification, to bind a party, must consist of acts taken by injured party with full knowledge of the facts.

**2. Contracts ⊕⇒97(1)—To constitute waiver, acts relied on must be done with intent to waive deceit.**

To constitute waiver, acts relied on must be done with intent to waive the deceit.

**3. Deeds ⊕⇒74—To estop plaintiff from seeking cancellation of deed on ground of duress, incumbent on defendant to prove that deed executed after plaintiff had full knowledge of facts.**

In suit to cancel deed on ground that it was procured by defendant threatening to put plaintiff's husband in penitentiary unless she signed deed, in order for plaintiff to be conclusively estopped to assert duress, it was incumbent on defendant to prove that acts relied on to estop plaintiff were done after she learned that her husband was in no danger from prosecution.

**4. Cancellation of instruments ⊕⇒24(2)—Restoration in kind not condition precedent to rescission on ground of duress, where contract executed.**

Where plaintiff executed deed to defendant and in return received certain live stock and other personal property, contract thus being executed, and plaintiff thereafter sold live stock, restoration in kind of such live stock was not a condition precedent to plaintiff's seeking rescission and cancellation of deed on ground of duress.

**5. Contracts ⊕⇒266(1)—When restoration as condition precedent to rescission required stated.**

It is only where contract is executory and party seeking rescission has not parted with any consideration, but has received all or part of consideration from adversary, that restoration in kind is required as condition precedent.

**6. Deeds ⊕⇒74—One selling property, received in exchange for deed, after duress under which deed executed was removed, cannot avoid deed on ground of duress.**

If wife executed deed on threat of defendant to put her husband in penitentiary, and aft-

---

er she had learned that husband was in no danger of prosecution executed bill of sale for live stock received in exchange for execution of deed, she is estopped to avoid deed on ground of duress.

**7. Homestead ⟲119, 123, 132—Deed of wife's separate land void, where her separate acknowledgment not taken, and vendee was present and knew thereof.**

If wife's separate acknowledgment to deed of her separate property and homestead was not taken, and vendee was present and knew of such defective acknowledgment, such deed would be void and incapable of ratification, and restoration of property received by wife in exchange could not be required as condition precedent to cancellation of deed.

Appeal from District Court, Stonewall County; Bruce W. Bryant, Judge.

Action by Ella B. Green and husband against R. T. Hopper in trespass to try title and to cancel a certain deed. Judgment for defendant on a directed verdict, and plaintiffs appeal. Reversed and remanded.

Benson & Dean, of Breckenridge, and H. F. Grindstaff, of Aspermont, for appellants.

N. N. Rosenquest, of Eastland, W. H. Sewell, of Slaton, and E. D. Gatlin, of Breckenridge, for appellee.

PANNILL, C. J. This suit was brought by the appellants, Ella B. Green, joined by her husband, T. H. Green, in trespass to try title and to cancel a certain deed executed by Ella B. Green and her said husband to appellee, Hopper, conveying to Hopper certain premises situated in Stonewall county, Tex. The ground upon which the cancellation was sought was that said property was the separate property of the said Ella B. Green, and was also her homestead, and that the execution of said deed was procured by duress on the part of said Hopper, consisting of certain threats of said Hopper to put said Ella B. Green's husband in the penitentiary unless she signed said deed. The defense consisted of the general denial and a plea of waiver and ratification. At the conclusion of the evidence the court directed a verdict for the defendant. The assignments considered material will be shown in the brief discussion of the points which we consider controlling on this appeal.

The appellant's testimony was amply sufficient to show that said premises were her separate property and constituted her homestead, and that she signed the conveyance to the appellee, Hopper, under the immediate influence of threats then made by him to send her husband to the penitentiary; the husband being absent at that time and in another county.

In consideration for said deed sought to be canceled, the defendant, Hopper, delivered to the appellant Mrs. Ella B. Green certain personal property consisting of horses, mules, cattle, farming implements, feed, and a lease on a pasture owned by appellee. The deed in question was executed August 12, 1921. Thereafter the appellant, in the continued absence of the husband, asserted ownership and control over the property received by her, used the feed to feed the live stock which Hopper delivered to her, and disposed of part of the personal property, and on May 1, 1923, executed a bill of sale to 60 head of such live stock to her father, J. R. Bloom. This written bill of sale was sufficient to conclusively show ratification on the part of Mrs. Green if it had been in evidence that she executed the same with full knowledge of the facts. Her testimony shows that after she executed the conveyance in question her husband returned home and told her that he was in no danger of being sent to the penitentiary by the appellee, and that the cattle which he had disposed of were not mortgaged to appellee as claimed by the latter. The record is silent as to whether this information was received by Mrs. Green prior to the execution of said bill of sale.

[1, 2] It is the law that ratification, in order to bind a party, must consist of acts taken by the injured party with full knowledge of the facts. The appellee recognized this rule, and his plea of ratification contains proper allegations. It is further the rule in this state that, to constitute waiver, the acts relied upon must be done with intent to waive the deceit. Kennedy v. Bender, 104 Tex. 149, 135 S. W. 524; Wells v. Houston (Tex. Civ. App.) 69 S. W. 619; Ingraham v. Abbott, 14 Tex. Civ. App. 583, 38 S. W. 626, loc. cit. 629.

[3] It appears here that in order for Mrs. Green to be conclusively estopped to assert the duress practiced upon her by appellee it was incumbent upon appellee to prove that the acts relied upon by him to estop her were done by her after she had learned that her husband was in no danger from prosecution by the appellee. Until she learned this fact, the issue was still in the case as to whether the duress continued, so it is concluded that the court was in error in directing a verdict against her on the ground that the evidence conclusively showed ratification by appellant.

[4, 5] The appellee also relies upon the sale of said live stock by Mrs. Green as preventing her from seeking rescission, because she is not in position to make restoration in kind. Where the contract between the parties is executed as here, the weight of authority is that restoration in kind is not a condition precedent to the right to rescind. It is only where the contract is executory and the party seeking rescission has not parted with any consideration, but has received all or a part of the consideration from his adversary, that the authorities require

restoration as a condition precedent. In this case the court had full power to adjust the equities between the parties. Alexander v. Walker (Tex. Civ. App.) 239 S. W. 309, loc. cit. 313; Van Natta v. Snyder, 98 Kan. 102, 157 P. 432, L. R. A. 1918A, 102.

Appellants complain of the instructed verdict on the ground that the evidence shows that the deed referred to was not acknowledged by Mrs. Green, and that the appellee was present and knew that the notary did not even attempt to take her acknowledgment. We are of the opinion that appellants' pleading did not raise that issue, but, in view of another trial, it is unnecessary for us to decide the sufficiency of the pleadings referred to, as the appellants, if they desire, may amend that petition and make proper allegations in regard to the want of the acknowledgment.

[6, 7] In view of another trial, it is proper to state that this record, as viewed here, has the following controlling questions:

If the jury should find upon another trial that the duress was practiced as alleged, then if it should conclusively be shown that Mrs. Green after such duress was removed, and, after she learned that her husband was in no danger of prosecution, executed the bill of sale in evidence, she would be estopped to avoid her deed on the ground of duress only, and that phase of the case would be ended. If the issue of want of acknowledgment was alleged and the jury should find that her separate acknowledgment was not taken, and that the appellee was present and knew of such defective acknowledgment, her deed would be void, incapable of ratification, and no restoration could be required of her.

For the error of the court in directing the verdict as indicated, judgment is reversed and the cause remanded.